IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **JAMAR LOREN STEWARD**, <br><br> Defendant. | Case No. 3:24-cr-00075-IM <br><br> **ORDER DENYING MOTION FOR SENTENCE REDUCTION** |

**IMMERGUT, District Judge.**

Before this Court is Defendant Jomar Loren Steward's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1), ECF 72. When "a defendant moves for compassionate release under § 3582(c)(1)(A), district courts may reduce his term of imprisonment if four conditions are met." *United States v. Chen*, 48 F.4th 1092, 1094 (9th Cir. 2022). Those four conditions are "(1) the defendant exhausted administrative remedies; (2) 'extraordinary and compelling reasons' warrant a sentence reduction; (3) a sentence reduction is 'consistent with applicable policy statements' issued by the U.S. Sentencing Commission; and (4) the district court considered the factors set forth in 18 U.S.C. § 3553(a)." *Id.* at 1094–95 (quoting 18 U.S.C. § 3582(c)(1)(A)).

PAGE 1 – ORDER DENYING MOTION FOR SENTENCE REDUCTION

For the reasons stated in the Government's Response to Defendant's Motion ("Response"), ECF 74 at 6–17, requirements (2), (3), and (4) are not satisfied. Therefore, this Court denies Defendant's motion for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)(i).

As to the second requirement, neither Defendant's family circumstances nor his health conditions rise to the level of "extraordinary and compelling reasons [that] warrant a sentence reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see* Response, ECF 74 at 6–13. As to the third requirement, Defendant's sentence reduction would not be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A), because all four factors weigh in favor of finding that Defendant is "a danger to the safety of any person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2); *see* Response, ECF 74 at 17. Defendant's offense (1) involved both controlled substances and firearms; (2) the weight of the evidence against Defendant was overwhelming; (3) Defendant was dealing fentanyl at numerous locations across Portland and has a history of similar offenses; and (4) Defendant presents a serious danger to the community of rearming himself and returning to dealing drugs. *See* 18 U.S.C. § 3142(g)(1)–(4). And lastly, as to the fourth requirement, the 18 U.S.C. § 3553(a) factors, including the nature and circumstances of the offense and Defendant's history and characteristics, weigh against a sentence reduction. *See* Response, ECF 74 at 13–16.

Therefore, this Court DENIES Defendant's Motion for Sentence Reduction, ECF 72.

**IT IS SO ORDERED.**

DATED this 12th day of January, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge